IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ADRIAN CABAN MORALES, | : | Case No. 04-00951 (ESL) |
| OLGA M. SANTOS SANTANA, | : | |
| | : | |
| Debtors | : | CHAPTER 13 |
| | : | |
| | : | |
| ADRIAN CABAN MORALES, | : | |
| OLGA M. SANTOS SANTANA, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Adv. No. 05-00233 |
| | : | |
| R&G MORTGAGE CORPORATION, | : | |
| | : | |
| Defendant | : | |
| | : | |

## **DECISION AND ORDER**

### Background

The debtors filed a petition under Chapter 13 on February 2, 2004. The debtors' amended plan of May 24, 2004 (dkt. #12), which was confirmed (dkt. #21), included a provision that the debtors agreed to lift the stay in favor of R&G Mortgage Corporation ("R&G"). On June 16, 2004, R&G filed a motion for relief from stay (dkt. #16). In the motion R&G contends that it is the holder of a mortgage note over real property, that the debtors are in arrears and that there is cause for relief from stay under 11 U.S.C. § 362(d)(1) and (d)(2). At the hearing on the motion for relief from stay, the stay was lifted in R&G's

favor (dkt. #23) and a separate order was entered indicating that the motion for relief from stay was granted (dkt. #24).

R&G filed a complaint, dated October 13, 2004, in the Superior Court of Puerto Rico, Arecibo Section, for the ordinary foreclosure of the mortgage (dkt. #31, Exhibit A). The complaint names the debtors, indicates the amounts owed by them to R&G and prays that they be condemned to pay the debt, plus interest and additional costs, and that the court order the foreclosure of the property.

The debtors filed this adversary complaint on October 6, 2005, alleging that R&G's complaint is for collection of monies and the foreclosure of the collateral and that to the extent that R&G seeks to hold them liable for the monies owed, R&G violated the automatic stay. The debtors contend that R&G's actions constitute a collection effort against them in violation of the automatic stay and that they can possibly be held personally liable for the debt. The debtors request damages.

The debtors filed a motion for partial summary judgment (dkt. #18), which R&G opposed (dkt. #30) and R&G filed a cross-motion for summary judgment (dkt. #26), which the debtors' opposed (dkt. #31).

The debtors' plan was subsequently completed and the case is awaiting entry of discharge.

DISCUSSION

The Court concludes that there are no material facts in dispute. The only issues are the extent of the relief granted to R&G in the order granting relief from stay and the scope of the foreclosure complaint filed by R&G. Assuming, arguendo, that R&G needed to seek specific language in the order granting relief from stay to obtain a deficiency judgment against the debtors in the local court action, nothing in the local court complaint suggests that R&G is requesting a deficiency judgment. R&G had the option of foreclosing its mortgage in the "ordinary" way. See 30 L.P.R.A. § 2701. The ordinary method is to utilize the mechanism provided in App. III, Rule 51.3 of Title 32. See Atanacia Corp. V. J.M. Saldana, Inc., 233 D.P.R. 284 (1993). Pursuant to Rule 51.3(b) in App. III of Title 32, "[j]udgments entered in actions for the foreclosure of mortgages and other liens shall order that plaintiff recover his debt, interests and costs through the sale of the encumbered property."

In the present case, the debtors defaulted on their mortgage to R&G. R&G obtained relief from stay to foreclose on the collateral subject to the mortgage. The debtors' confirmed plan also provided that R&G would be granted relief from stay. R&G filed a complaint in the local court seeking foreclosure in the ordinary way, which would include a judgment against the debtors condemning them to pay the outstanding mortgage indebtedness

3

through the sale of the encumbered property. No evidence has been presented to demonstrate that R&G has sought to obtain or enforce a deficiency judgment against the debtors. Moreover, the Court concludes that upon entry of the discharge, any deficiency judgment will be discharged as an unsecured debt. Accordingly, the Court concludes that R&G did not violate the automatic stay of 11 U.S.C. § 362 and that it is entitled to judgment, as a matter of law, in this adversary proceeding.

ORDER

Wherefore IT IS ORDERED that the debtors' complaint shall be, and it hereby is, DISMISSED.

Judgment shall enter accordingly.

SO ORDERED.

San Juan, Puerto Rico, this 3rd day of November 2009.

Enrique S. Lamoutte
Chief, U.S. Bankruptcy Judge

4